On Application fob Rehearing.
We have been urged to reconsider the grounds of our former opinion in this case.
In that opinion we announced the doctrine that a mortgage did not create a jus in re, but only a jus ad rem, giving an action in rem. We did not then state the grounds or authority for that enunciation. Its correctness is strongly assailed by the plaintiff’s counsel, and we shall therefore proceed to state more in detail our views. The point is one of some moment in this controversy ;.for under Art. 983 of the Code of Practice, “ actions of revendication and other real actions which shall be instituted against estates, may be brought before ordinary tribunals,” but “ all debts for money * * shall be liquidated and their payment enforced by the courts of probate, etc.” It should be noted that this article does not say thati! real actions” must or shall be brought before the ordinary tribunals, but may be so brought. So that its language does not exclude the idea that a real action, having for its object the enforcement of “ a debt for money” (if such an action can be real), can lawfully be brought against successions in the probate courts. Indeed, our decision in this case was, that an action to enforce a mortgage against a succession (and plaintiff’s counsel insists that it is a real action) may be brought either in the probate courts or in the ordinary courts. So that even if such action be real, our decision is not in conflict with that article.
But is an action to enforce a debt secured by mortgage a real action ? Article 12 of the Code of Practice decisively answers this question. It says, “ actions for the recovery of a movable, or of a sum of money, though accompanied with a mortgage, are not real actions.”
In the face of this provision, it would be useless for us to discuss the conflicting views of the French jurists upon the question of whether a mortgage creates a jus in re or jus ad rem immobileur. We will state,, however, that to our minds the argument of Marcadé in favor of the latter proposition and against the former is quite conclusive, and we think is in harmony with our Code. See his work, v. 2, p. 319, et seq. We understand a jus in re to be a right to some of the elements or dismemberments of property in a thing. Now the Civil Code in treating of this right Of property in things, divides it into three elements, the use, the enjoyment, and the disposal: usus, fructus, and abusus. Under the first and second it classes use and habitation, usufruct and real servitudes, and under the third naked ownership. This classification exhausts the right of property in things, and, we think, includes all the *61 jura in re. No amount of ingenuity can bring the rights of a mortgagee under either head of this classification.
We are referred to Art. 3282 of the Revised Civil Oode, as containing the declaration that a “ mortgage is a real right on the property 'bound for discharge of the obligation.”
That article is the reproduction of Art. 3249 of the Oode of 1825, •which was in force when this controversy originated. Art. 3249 says, “ The mortgage is a legal right on the property,” etc. The word “ real” •seems to have been a misprint for “ legal.” But even Art. 3282 R. 0. 0. does not say that a right of mortgage is a right in the property, but a ■right on it, that it is act rem, not in re. However this may be, the Oode of Practice is positive that an action to enforce a mortgage debt is not a real action and therefore, even if Art. 983 O. P. were prohibitory of 'bringing real actions in probate courts, it would not prevent the enforcement of mortgages in such courts. We understand the Oode of Practice in speaking of the “ hypothecary action” as “ a real action,” (Art. 61) to mean that it is an action against the thing — in rem, as contradistinguished from actions against the person — in personam. In the “ hypothecary action” proper, there is no pursuit of the person. The thing mortgaged is the debtor, and the action is directed against it. In this sense, the •action is real.
Rehearing refused.